UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANISH ACRES OF IDAHO, LLC, an Idaho Limited Liability Company,<br><br>Plaintiff,<br>v.<br><br>PETER PHILLIPS, *et. al.*,<br><br>Defendants. | Case No. 4:11-cv-00495-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

The Court has before it Plaintiff's Motion for Summary Judgment (Dkt. 21). For the reasons explained below, the Court will grant the motion.

**ANALYSIS**

**1.      Summary Judgment Legal Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . .." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id*. at 327.  "[T]he mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings.  *Id.* at 255.  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor.  *Deveraux*, 263 F.3d at 1076.  The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists.  *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch.*

*Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted).  Instead, the "party

opposing summary judgment must direct [the Court's] attention to specific triable facts."

*Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Only admissible evidence may be considered in ruling on a motion for summary

judgment.  *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002); *see also*

Fed.R.Civ.P. 56(e).  In determining admissibility for summary judgment purposes, it is

the contents of the evidence rather than its form that must be considered.  *Fraser v.*

*Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003).  If the contents of the evidence could

be presented in an admissible form at trial, those contents may be considered on summary

judgment even if the evidence itself is hearsay.  *Id.* (affirming consideration of hearsay

contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony

of contents would not be hearsay).

Statements in a brief, unsupported by the record, cannot be used to create a factual

dispute.  *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995).

The Circuit has "repeatedly held that documents which have not had a proper foundation

laid to authenticate them cannot support a motion for summary judgment."  *Beyene v.*

*Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir. 1988).  Authentication,

required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a

document to an affidavit.  *Id.*  The affidavit must contain testimony of a witness with

personal knowledge of the facts who attests to the identity and due execution of the

document.  *Id.*

**2.    Danish Acres' Motion for Summary Judgment**

In its opening brief, Danish Acres suggests that this case is straightforward. On some level that is true. Based upon the evidence before the Court, it is clear that Danish Acres loaned Phillips money, secured by real estate – a typical mortgage loan – and that Phillips defaulted on that loan. *Skabelund Aff.*, Exs. A & B, Dkt. 24. However, in its Motion for Summary Judgment, Danish Acres asks for "the relief requested in the Complaint." *Motion for Summary Judgment* (Dkt. 21). In the Complaint, Danish Acres asks for the following:

1. For the sum of $167,141.72 consisting of principal in the amount of $110,455.84, accrued interest in the amount of $48,600.56, and a late fee in the amount of $8,085.32. Interest continuing to accrue from August 13, 2011, at the rate of $66.58 per diem.

2. For the sum of $10,000.00 as attorneys' fees if this matter is uncontested, but if this matter is contested, for a sum in excess of $10,000.00 for attorneys' fees and costs.

3. For the sum of $638.00 for the Foreclosure Litigation Guarantee.

4. For any sums advanced by the Plaintiff for the payment of rents, levies, taxes, assessments, insurance premiums, irrigation assessment fees, or any other charges against the mortgaged premises during the pendency of this action.

5. That Plaintiff's Mortgage be declared to be a valid and existing lien, subject only to the lien for taxes levied and assessed against said premises, and that Plaintiff's Mortgage herein be foreclosed and adjudged as a first and prior lien upon the Mortgaged property, together with all water rights and Irrigation water stock appurtenant thereto, superior to any right, title, claim, lien or interest on the part of the Defendants, and that Defendants, either as purchaser, mortgagor, or otherwise, be barred and foreclosed of all right, title or claim upon or in said premises and every and each part thereof.

6. That the usual Decree may be made for the sale of the premises and all water rights and irrigation water stock appurtenant thereto described in the Mortgage according to law and the practice of this Court and that the proceeds of said sale shall be applied to the payment of the amounts found due to Plaintiff as aforesaid, and the costs and expenses of this action.

7. That the Defendants be required to set forth herein by proper pleading, the nature of their claims, if any, in and to said premises or any part thereof.

8. That Plaintiff be granted a Decree of this Court adjudging and decreeing that it is the owner and is entitled to possession of said

premises herein-above described; that the Defendants have no right, title, or interest or claim in and to the real property or any part thereof and any water rights associated thereto and that any person claiming under him, and all persons having any lien, claim or judgment or decree on or against said real property or any part, parcel or portion thereof, either as purchaser, mortgagee, lien holder, or otherwise, be barred and foreclosed from all equity of redemption in and to said real property and in and to any part, parcel or portion thereof after the requirements of the law have been met.

9. That Plaintiff or any other person may become a purchaser at the sale of said real property and the Sheriff of Franklin County be required to execute a deed to the purchaser of the said real property according to law; that the purchaser be let into the possession of said premises upon the production of the Sheriffs deed therefore, and that title of said purchase of the real property be quieted against any and all claims of the Defendants, except as expressly provided herein, and against each and every other person claiming by, through or under them, or any of them.

10. That the Court, in the Decree, establish the reasonable value of the property described herein according to proof.

11. That the Decree provide that after the sale of said property, all right, title, claim, lien or interest in the named Defendants and every person claiming by, through or under said Defendants, in or to said property, including the right of possession thereof, from and after said sale, be forever barred and foreclosed and the purchaser of said sale to be entitled to immediate possession of the premises as allowed by law subject only to such statutory rights as said Borrower may have by law.

12. That in the event Plaintiff is the purchaser at said sale and possession of said premises is not surrendered by Borrower, a Writ of Assistance be issued directing the Sheriff of Franklin County, Idaho, to deliver possession of said premises to the Plaintiff subject only to the statutory right of redemption.

13. That in the event that the proceeds from the sale of said real property shall be insufficient to satisfy the amounts due hereunder, together with the attorneys' fees, costs, costs of sale and other proper charges, Plaintiff be granted a judgment for such deficiency against the Borrower.

14. That Plaintiff recover its attorneys' fees, costs, disbursements and expenses incurred in this action.

15. For such other and further relief in law or equity as the Court
    may deem proper.

*Compl.* (Dkt. 1).

Based upon the evidence before the Court, including the Skabelund Affidavit, promissory note, and real estate mortgage documents, the Court will enter summary judgment that Danish Acres is entitled to summary judgment against Peter Phillips in the amount of $167,141.72 consisting of principal in the amount of $110,455.84, accrued interest in the amount of $48,600.56, and a late fee in the amount of $8,085.32, with interest continuing to accrue from August 13, 2011, at the rate of $66.58 per diem. *Skabelund Aff.*, Exs. A &B, Dkt. 24. The Court also determines that Danish Acres is entitled to foreclosure of the subject property.

However, the Court cannot enter all the additional relief requested, or enter a foreclosure decree at this point. Idaho Code § 6–101 "provides that a foreclosure action is the only action that is allowed for the recovery of a debt secured by a real estate mortgage." *Isaak v. Idaho First Nat. Bank*, 811 P.2d 832 834 (Idaho 1991). However, "I.C. § 6–108 limits any deficiency judgment in a foreclosure action on a real estate mortgage to the difference between the mortgage indebtedness, as determined by the decree, plus costs of foreclosure and sale, and the reasonable value of the mortgaged property, to be determined by the court in the decree upon the taking of evidence of such value." *Id*. (Internal quotations omitted).

Danish Acres must provide the Court with appropriate proposed orders, judgments, or decrees which set forth the procedures, authorized by Idaho law, for the foreclosure of the subject property and the determination of how a deficiency judgment, if any, will be determined.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment (Dkt. 21) is **GRANTED**. Danish Acres is entitled to judgment against Peter Phillips in the amount of $167,141.72 consisting of principal in the amount of $110,455.84, accrued interest in the amount of $48,600.56, and a late fee in the amount of $8,085.32, with interest continuing to accrue from August 13, 2011, at the rate of $66.58 per diem.

2. Danish Acres must provide the Court with a proposal, supported by Idaho law, for how the Court should now proceed in ordering foreclosure of the subject property, including whether the Court must conduct a hearing to determine the value of the property.

DATED: January 16, 2013

B. Lynn Winmill
Chief Judge
United States District Court