UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANISH ACRES OF IDAHO, LLC, an Idaho Limited Liability Company,<br><br>          Plaintiff,<br>     v.<br><br>PETER PHILLIPS, *et. al.*,<br><br>          Defendants. | Case No. 4:11-cv-00495-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion and Memorandum of Costs and Attorneys Fees (Dkt. 33). For the reasons explained below, the Court will grant the motion.

## ANALYSIS

On January 16, 2013, the Court granted summary judgment in favor of Danish Acres. In its Order, the Court indicated that Danish Acres was entitled to judgment against Phillips in the amount of $167,141.72 plus interest. Subsequently, the Court also entered a decree of foreclosure in favor of Danish Acres and against Phillips. Danish Acres now asks for its attorney's fees and costs. Phillips did not respond to the motion, and the deadline for filing a response has passed.

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *Interform Co. v. Mitchell*,

575 F.2d 1270, 1280 (9th Cir. 1978) (applying Idaho law). Danish Acres requests attorney fees pursuant to Idaho Code § 12-120(3), Idaho Code § 12-121, Federal Rule of Civil Procedure 54, and the Promissory Note that was the subject of the dispute.

Idaho Code § 12-120(3) suffices to grant the motion. It provides that the prevailing party "shall be allowed" an award of reasonable attorney fees in any civil action to recover on . . . "any commercial transaction." The statute defines the term "commercial transaction" to mean "all transactions except transactions for personal or household purposes." I.C. § 12-120(3) (1998). "Under Idaho Code § 12-120(3), an award of attorney fees is appropriate where 'the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover.'" *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594 (Idaho 2007) (citing *Brower v. E.I. DuPont De Nemours and Co.*, 792 P.2d 345, 349 (Idaho 1990)).

Here, there is no question that Danish Acres is the prevailing party. Likewise, there is no dispute that the claim arose out of a commercial transaction that was the basis upon which Danish Acres obtained a recovery – Danish Acres prevailed on a foreclosure claim for breach of a mortgage contract. Accordingly, Danish Acres is entitled to its reasonable costs and fees.

The Court also finds that the attorney fees and costs identified in counsel's affidavit in support of the motion for fees and costs are reasonable. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987

F.2d 1392, 1397 (9th Cir. 1992). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr*[1] factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir.1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id*. at 363 n. 8. (internal quotation marks and citation omitted).

Here, Danish Acres seeks attorney fees in the amount of $5,619.00 for 33.5 hours of work completed by attorney Steven Fuller, who charged $170.00 per hour. The hourly rate charged by Mr. Fuller is comparable to the reasonable hourly rate for attorneys of similar experience and similar work in this area. Moreover, the total number of hours billed was relatively small and well within reasonable limits. Additionally, Danish Acres claim for $173.03 in costs for mailing fees, filing fees, recording fees and service fees is also reasonable. Finally, the Court notes that Phillips has not opposed the motion.

---

[1] The Kerr factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Accordingly, the Court will grant the motion for costs and fees in the amount of $5,792.03.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion and Memorandum of Costs and Attorneys Fees (Dkt. 33) is **GRANTED**. Defendant Philips shall pay Plaintiff Danish Acres $5,792.03 in costs and fees.



DATED: July 24, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 4