UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANISH ACRES OF IDAHO, LLC, | Case No. 4:11-cv-00495-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| PETER PHILLIPS ET AL, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Defendant Phillips's Motion for Award of Fees (Dkt. 55). For the reasons stated below, the motion will be denied.

## BACKGROUND

On December 24, 2014, Phillips filed a motion to clarify and correct the record with regard to the calculation of post-judgment interest on a redemption amount (Dkt. 48). That same day Phillips paid the full amount stated by Danish Acres to redeem the property—$257,097. *Dec. of P. Phillips*, ¶ 5 Dkt. 55-3. On April 8, 2015, the Court granted Phillips's motion to clarify the record and asserted that the post-judgment interest should be calculated by the rate provided by federal statute 18 U.S.C. 1961. *Order* at 2 Dkt. 54. Specifically, the Court affirmed Phillips's claim that the pre-judgment interest rate is $66.58 per diem and the post-judgment rate is .12% per annum. *Id.*

Phillips now seeks an award of attorney's fees for filing the motion to clarify and correct the record (Dkt. 48), and for filing the reply to Danish Acres' response (Dkt. 53).

## ANALYSIS

State law governs the award of attorney's fees in diversity actions such as this one. *See Interform Co. v. Mitchell*, 575 F.2d 1270 (9th Cir. 1978); *Notice of Removal* at 2, Dkt. 1.

For the Court to award attorney's fees, they must be authorized either by statute or by contract. *Allison v. Biggs*, 826 P.2d 916, 917 (Idaho 1992). Here, attorney's fees are not authorized by contract, so the only plausible avenue for recovery is statutory. Phillips seeks fees under Idaho Code §§ 12-120(1) and (3).

First, Phillips seeks fees pursuant to Idaho Code § 12-120(1), which permits an award of fees "in any action where the amount pleaded is thirty-five thousand dollars ($35,000) or less . . . ." Phillips incorrectly argues that this amount is measured by the amount he seeks in attorney's fees. *Memo in Support of Motion to Award Fees*, at 4-5, Dkt. 55-1. To the contrary, the statute refers to the amount pled in the complaint, and courts have interpreted the meaning of the $35,000 limit accordingly. *See, e.g. Downey Chiropractic 6 Clinic v. Nampa Restaurant Corp.*, 900 P.2d 191, 194-95 (Idaho 1995); *Action Collection Services, Inc., v. Bingham*, 192 P.3d 1110, 1113-14 (Idaho 2008). Therefore, Phillips cannot assert fees pursuant to I.C. § 12-120(1).

Next, Phillips seeks fees pursuant to I.C. § 12-120(3). That code section provides that the prevailing party shall be awarded reasonable attorney's fees in any civil

action that arises out of a commercial transaction. A "commercial transaction" is defined as "all transactions except transactions for personal and household purposes." I.C. § 12-120(3).

However, once a court issues a judgment, which the Court has done in this case, the judgment itself replaces the commercial transaction as the basis for enforcement. *Allison*, 826 P.2d at 917. Therefore, the party requesting an award of fees cannot use I.C. § 12-120(3) as the basis for the award after a judgment has been issued. *Id.* In *Allison*, the Idaho Supreme Court unequivocally stated that "I.C. § 12-120(3) does not provide for a post-judgment award of attorney's fees." *Id.*

Accordingly, the motion will be denied.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Award of Fees (Dkt. 55) is **DENIED**.

DATED: July 13, 2015

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 3